UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 17-298(7) (ADM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| PIERRE CORTEZ JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Benjamin Bejar, Assistant United States Attorney, hereby respectfully submits its position and memorandum on sentencing. For the reasons that follow, the United States recommends a sentence of imprisonment of 48 months as a sentence that is sufficient but not greater than necessary to comport with the § 3553(a)(2) sentencing factors.

**RELEVANT FACTS AND PROCEDURAL BACKGROUND**

The United States agrees with and incorporates by reference the facts from the "Offense Conduct" section of the presentence report ("PSR"), ¶¶ 14-39 and 45, as well as the facts from the Plea Agreement (ECF 214, ¶¶ 2.a – 2.h). The conspiracy conservatively involved between 8 and 24 firearms in total and included large capacity magazines, stolen firearms, and firearms with obliterated serial numbers. (PSR ¶¶ 35, 37, 41, 52)

On January 23, 2018, a grand jury returned a six-count Second Superseding Indictment charging the defendant and six other co-defendants with conspiracy and felon-in-possession charges committed as members of the "HAM Crazy" criminal street gang in

St. Paul, Minnesota.  (PSR ¶ 3; ECF 113)  Specifically, the defendant conspired with other HAM Crazy gang members from at least January 2014 through January 2018 to illicitly obtain and jointly possess firearms as felons or otherwise prohibited persons, in violation of 18 U.S.C. §§ 371 and 922(g)(1), which carries a statutory maximum of five years' imprisonment (Count 1).  The Second Superseding Indictment also charged the defendant with being a felon in possession of a firearm, on or about August 10, 2017, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which carries a statutory maximum of ten years' imprisonment (Count 6).   (PSR ¶¶ 3, 36; ECF 113)

On March 7, 2018, the defendant appeared with his counsel and pleaded guilty to the conspiracy charge (Count 1) of the Second Superseding Indictment pursuant to a written plea agreement filed with the Court.  (PSR ¶¶ 8, 11; ECF 210, 214)

On June 5, 2018, the United States Probation Office issued a final PSR, finding the defendant's total offense level to be 29 and his criminal history category to be IV,[1] resulting in an advisory Guidelines range of 121 to 151 months' imprisonment but with a statutory maximum of 60 months.  (PSR ¶¶ 61, 79, 117, 118)  The PSR's Guidelines calculations did not differed from those contemplated by the plea agreement.  (PSR ¶¶ 11, 120; ECF 214, ¶ 5.f)

## ARGUMENT

In following the sentencing methodology laid out by the Supreme Court, "a district court should begin all sentencing proceedings by correctly calculating the applicable

---

[1] The PSR also determined that the defendant had a total of 9 criminal history points.  (PSR ¶ 79)

Guidelines range."  *Gall v. United States*, 552 U.S. 38, 49 (2007).  "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."  *Id.* at 49-50.  Section 3553(a) requires the Court to consider a number of factors, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities."  18 U.S.C. § 3553(a).  But a district court is not required to provide a mechanical recitation of the Section 3553(a) factors and "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."  *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017); *United States v. San-Miguel*, 634 F.3d 471, 475-76 (8th Cir. 2011).

### A.     The Guidelines Calculations

The United States agrees with the calculated total offense level of 29 and criminal history category of IV, resulting in an advisory Guidelines range of 121 to 151 months' imprisonment subject to the statutory maximum of 60 months.  For the reasons stated herein, the United States advocates for a sentence of 48 months' imprisonment as a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2).

### B.    The 3553(a) Factors

A consideration of the 3553(a) factors warrants a sentence of 48 months' imprisonment.

#### 1.    Nature and Circumstances of the Offense

The defendant, a felon and confirmed and admitted member of the HAM Crazy criminal street gang, conspired with other felon gang members to illicitly acquire and jointly possess and use multiple firearms to aid and further an ongoing gang war with other rival gangs in St. Paul.  The ongoing gang war has resulted in several gang members on both sides being shot—and in some cases killed—and endangered the lives and safety of innocent bystanders and the community since many of the shootings occurred in public places.  The gang warfare includes the use of firearms by HAM Crazy members in shootings of rival gang members and their affiliates and the brandishing of firearms by HAM Crazy members as direct threats of violence and intimidation against rival gang members through social media platforms.

The defendant and other co-defendants obtained firearms in a variety of ways, including through thefts, trades, and cash exchanges, and HAM Crazy members shared and transferred firearms amongst themselves.  HAM Crazy members also attempted to buy, sell, trade, and otherwise obtain firearms using social media platforms.  The defendant also unlawfully possessed a loaded firearm while riding as a passenger in a vehicle with at least two other HAM Crazy members, (PSR ¶ 36), and the joint criminal undertaking of the conspiracy conservatively involved between 8 and 24 firearms in total and included large capacity magazines, stolen firearms, and firearms with obliterated serial numbers.  The

4

defendant also willingly participated in rap videos targeted at rival gangs where HAM Crazy gang members brandished firearms and/or made overt threats of violence against their rivals, which fuels the ongoing gang war in a vicious cycle of retaliation. Although the defendant stipulated to being, and is considered to be, an average participant, admittedly, the defendant's relative culpability within the context of the conspiracy, when compared to that of his co-defendants, is of a lesser degree but does not equate to a minor participant. (ECF 214, ¶ 5.c.; PSR ¶ 45)

2.    History and Characteristics of the Defendant

The United States submits that the PSR accurately and adequately describes the defendant's criminal history, personal history, and characteristics. Notably, though only 23 years old, the defendant has a criminal history that includes two felony convictions for theft from a person and theft of a motor vehicle, misdemeanor thefts, fleeing police on foot, and providing false information to police. Most recently, the defendant has pending misdemeanor domestic assault charges from February 2018 with an active warrant for failure to appear. (PSR ¶¶ 83, 88)

Although the defendant asserts that his gang affiliation with HAM Crazy began only in 2017, law enforcement records and materials provided in discovery irrefutably show the defendant's continuous gang membership with HAM Crazy dates back to at least January 2014. (PSR pp. A.1 – A.3) Additionally, the defendant admitted to being an active member of HAM Crazy during the period of the conspiracy. (ECF 214, ¶ 2.a.) The defendant also has a significant drug and alcohol abuse history, which could benefit from court-ordered assessment and treatment while the defendant serves his term of imprisonment. (PSR

5

¶¶ 12, 70, 91, 97-100)  Indeed, the defendant's pretrial release was ultimately revoked because of the defendant's continued drug abuse and refusal to comply with court-ordered conditions of release.  (PSR p. F.1 & ¶¶ 12, 50)  The defendant was reportedly homeless, has not yet obtained his GED, has very limited employment history, and has a penchant for gambling.  (PSR ¶¶ 90, 96, 103-04, 106)

### 3.    Needs of Sentencing and Other 3553(a) Factors

A sentence of 48 months is warranted by the needs of sentencing.  While some mitigating factors exist such as the defendant's degree of culpability in relation to his co-defendants, and his being the victim of a violent assault at age 17, aggravating factors also exist that warrant consideration such as the serious nature of the offense, the detrimental impact of gang violence and shootings on the community, and the apparent lack of deterrence on the defendant's commission of serious felonies.  *See Ferguson v. United States*, 623 F.3d 627, 632 (8th Cir. 2010) ("Congress specifically made general deterrence an appropriate consideration . . . and [the Eighth Circuit has] described it as 'one of the key purposes of sentencing.'") (quoting *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006)).  Indeed, the defendant was on probation for four criminal matters during at least part of the conspiracy and ongoing gang war.  (PSR ¶ 78)  On balance, a sentence of 48 months would serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities among defendants.

## CONCLUSION

For all the foregoing reasons, the United States respectfully recommends that the

Court impose a sentence of 48 months' imprisonment.

Respectfully submitted,

Dated:  June 20, 2018

ERICA H. MacDONALD
United States Attorney

/s/ *Benjamin Bejar*

BY:  BENJAMIN BEJAR
Assistant U.S. Attorney
Attorney ID No. 351131